UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10120 PA (Ex) | Date | December 19, 2012 |
|---|---|---|---|
| Title | Avon Hi-Life, Inc. v. Lauren Agrisystems, Ltd. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

    Before the Court is a Complaint filed by plaintiff Avon Hi-Life, Inc. ("Plaintiff") against defendant Lauren Agrisystems, Ltd. ("Defendant"). The Complaint alleges a federal claim arising under the Lanham Act and also alleges state law claims, over which the Plaintiff alleges the Court possesses both diversity and supplemental jurisdiction. According to the Complaint, Plaintiff is a Wisconsin corporation with its principal place of business in Wisconsin, while Defendant is an Ohio limited liability company with a principal place of business in Ohio.[1/]

    The Complaint alleges on information and belief and in conclusory fashion that the Court possesses personal jurisdiction over Defendant. Plaintiff also alleges that it "is informed and believes and thereupon alleges that venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, including without limitation, the dissemination of disparaging statements and false advertising to individuals in this District through Lauren's active website and otherwise." Especially considering that Plaintiff's principal place of business appears to be located within the jurisdiction of the United States District Court for the Western District of Wisconsin, and Defendant's principal place of business appears to be located within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division, and the Complaint's conclusory allegations, Plaintiff does not appear to have alleged any facts that could support a conclusion that the Central District of California is a convenient forum for this action.

    The Court orders the parties to show cause, in writing not to exceed 15 pages, why this action should not be transferred to another forum for the convenience of the parties and witnesses, and in the interests of justice. See 28 U.S.C. §§ 124(a), 1404(a). All factual matters relied upon in the parties' submissions must be supported by appropriate declarations and admissible evidence. To assist the Court in determining whether transfer is appropriate and in the interest of justice, the parties are directed to address the following, in addition to sharing their beliefs as to which forum is more convenient for the parties and witnesses:

---

[1/]    By alleging that Defendant is a limited liability company, but not alleging the citizenship of its members, it appears that Plaintiff has failed to properly allege the citizenship of Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10120 PA (Ex) | Date | December 19, 2012 |
|---|---|---|---|
| Title | Avon Hi-Life, Inc. v. Lauren Agrisystems, Ltd. | | |

1. In what district does Plaintiff reside and could this action have been brought in that district;

2. Whether venue is appropriate in a venue other than the Central District of California ("Central District");

3. What contacts, if any, each of the parties has to the Central District, the Western District of Wisconsin, the Eastern Division of the Northern District of Ohio, and any other appropriate venue;

4. What connection Plaintiff's causes of action have to the Central District, the Western District of Wisconsin, the Eastern Division of the Northern District of Ohio, and any other appropriate venue;

5. Which witnesses are expected to be called and where they reside;

6. The availability of compulsory process to compel attendance of unwilling non-party witnesses in the Central District as compared to the Western District of Wisconsin, the Eastern Division of the Northern District of Ohio, and any other appropriate venue;

7. The ease of access to sources of proof in each of the three forums; and

8. The expected difference in the cost of litigation in the Central District as compared to the Western District of Wisconsin, the Eastern Division of the Northern District of Ohio, or any other appropriate venue; and

    Plaintiff is ordered to serve a copy of this Order on Defendant within three (3) days of the date of this Order. Plaintiff shall file his response no later than January 4, 2013. Defendant's response, if any, shall be filed no later than January 11, 2013. Failure to timely respond to this order to show cause may result in the imposition of sanctions, including the dismissal of this action without prejudice.

    IT IS SO ORDERED.